**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4537**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

HUMBERTO VALLE,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
Chief District Judge.  (CR-03-448)

---

Submitted:  June 30, 2005          Decided:  August 2, 2005

---

Before MOTZ, KING, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

David B. Freedman, WHITE & CRUMPLER, Winston-Salem, North Carolina,
for Appellant.  Anna Mills Wagoner, United States Attorney, Sandra
J. Hairston, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Humberto Valle pled guilty to conspiracy to distribute more than five kilograms of cocaine hydrochloride, in violation of 21 U.S.C. § 846 (2000). He was sentenced to the statutory mandatory minimum term of 120 months of imprisonment. See 21 U.S.C. § 841(b)(1)(A) (2000). Valle appeals his sentence.

Valle argues that the district court erred in applying the federal sentencing guidelines as mandatory in violation of United States v. Booker, 125 S. Ct. 738 (2005). Because Valle did not object to his sentence in the district court on these grounds, our review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To demonstrate plain error, Valle must establish that error occurred, that it was plain, and that it affected his substantial rights. Id. at 547-48. If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

In United States v. White, 405 F.3d 208, 216-17 (4th Cir. 2005), we held that treating the guidelines as mandatory was error and that the error was plain. However, in the absence of a Sixth Amendment violation prejudice is not presumed, and the defendant

bears the burden of showing that the error in application of the then-mandatory guidelines affected the outcome of the district court proceedings. Id. at 223. We find Valle fails to meet this burden because he was sentenced to the statutory mandatory minimum term of imprisonment, and thus the mandatory application of the guidelines had no effect on his actual sentence.

Accordingly, we affirm Valle's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED